UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAMELA CALVERT | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:08CV450CDP |
| WALLACE LEOPOLD SR., *et al.*, | ) ) ) |
| Defendants. | ) |

Denied
Catherine D. Perry
4/13/09

FILED

APR 13 2009

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

### DEFENDANT WALLACE LEOPOLD SR.'S MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF ~~THE EVIDENCE~~ Plaintiff's Case

Defendant Wallace Leopold Sr. hereby moves, pursuant to Fed. R. Civ. P. 50, for judgment as a matter of law at the close of plaintiff's evidence, for the following reasons:

1. Plaintiff's evidence against Defendant is insufficient as a matter of law for the following reasons.

**A. Official Immunity.** Plaintiff's evidence, as a matter of law, fails to prove that Defendant's conduct was ministerial, as opposed to discretionary, or that Defendant's conduct was motivated by bad faith or malice. Defendant is entitled to official immunity as to Plaintiff's false imprisonment claims. *See Hawkins v. Holloway*, 316 F.3d 777, 788-89 (8th Cir. 2003). . "As a governmental official, [Detective Leopold] is shielded from liability for torts arising out of his discretionary acts or omissions." *Creighton v. Conway*, 937 S.W.2d 247, 250 (Mo.App.E.D. 1996). The doctrine of official immunity protects a police officer from liability in the performance of their duties that involve discretionary acts. *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987); *Costello v. City of Ellisville*, 921 S.W.2d 134, 136 (Mo.App.E.D. 1996).

1

This protection exists "even though hindsight may demonstrate errors in judgment which might be branded as negligent by qualified evaluators." *Costello*, 921 S.W.2d at 136. The decision whether to arrest an individual or whether probable cause exists are decisions requiring discretion. *Deuser v. King*, 24 S.W.3d 251, 254 (Mo.App.E.D. 2000); *Miller v. Smith*, 921 S.W.2d 39, 46 (Mo.App.W.D. 1996). The arrest of an intoxicated person, in particular, has been ruled a discretionary act. *Schutte v. Sitton*, 729 S.W.2d 208, 211 (Mo.App.E.D. 1987). Accordingly, Leopold is immune from Plainitiff's false imprisonment claim under the doctrine of official immunity.

**B. Public Duty Doctrine.** Plaintiff's evidence, as a matter of law, fails to prove that Defendant owed a duty to Plaintiff in particular and that Plaintiff sustained an injury as the result of a breach of such duty. Enforcement of the law is a duty owed to the general public and not just to Calvert exclusively. *Deuser*, 24 S.W.3d at 254-55. A public officer owes a duty to particular individuals when "the law imposes on the officer the performance of ministerial duties in which a private individual has a special, direct and distinctive interest," and injury results from the breach of such duties. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986). Calvert has no "special, direct and distinctive interest" in law enforcement. The public duty doctrine, therefore, is a complete bar to Calvert's action. *Beaver v. Gosney*, 825 S.W.2d 870, 874-875 (Mo.App. 1992).

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court issue its Order granting Defendant's Motion for Judgment as a Matter of Law; awarding costs and attorneys' fees against the Plaintiff; and for such other relief as this Court deems just.

Respectfully submitted,

CHRIS KOSTER

Attorney General

*(signature)*
Dana C. Ceresia #51091
*Assistant Attorney General*
Missouri Attorney General's Office
The Old Post Office
P.O. Box 861
St. Louis, MO 63188
Telephone: 314.340.7861
Facsimile: 314.340.7029
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2009 the foregoing was hand-delivered or filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

**Stephen H. Gilmore**
2525 January Avenue
St. Louis, MO 63110

*(signature)*
Dana C. Ceresia
*Assistant Attorney General*

3